UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

KYLEE D.,

                    Plaintiff,

        v.

COMMISSIONER OF SOCIAL
SECURITY,

                    Defendant.

CASE NO. 3:23-CV-5900-DWC

ORDER RE: SOCIAL SECURITY
DISABILITY APPEAL

Plaintiff filed this action, pursuant to 42 U.S.C. § 405(g), for judicial review of the denial of her application for Supplemental Security Income benefits (SSI). Pursuant to 28 U.S.C. § 636(c), Fed. R. Civ. P. 73, and Local Rule MJR 13, the parties have consented to proceed before the undersigned. After considering the record, the Court concludes that this matter must be reversed and remanded pursuant to sentence four of 42 U.S.C. § 405(g) for further proceedings consistent with this Order.

## I.    BACKGROUND

Plaintiff applied for SSI on October 28, 2016. Administrative Record (AR) 446–51. She alleged disability beginning November 6, 2010. AR 17. After her application was denied initially

and upon reconsideration, she filed a written request for a hearing. AR 254–57. In July 2018, Administrative Law Judge (ALJ) Laura Valente held a hearing in which Plaintiff was represented. AR 44–85. ALJ Valente issued a decision finding Plaintiff not disabled in November 2018 (AR 183–203) which was subsequently vacated by the Appeals Council (AR 204–07). On remand from the Appeals Council, ALJ Allen Erickson (the ALJ) held another hearing in October 2020 (AR 86–124) and issued another unfavorable decision in December 2020 (AR 208–29) which was also subsequently vacated by the Appeals Council (AR 230–35).

The ALJ held a third hearing on June 9, 2022. AR 125–53. He issued a written decision finding Plaintiff not disabled on July 25, 2022. AR 14–43. The Appeals Council denied Plaintiff's request for review, making the ALJ's June 2022 decision the final agency action subject to judicial review. AR 1–6. Plaintiff filed a Complaint in this Court on October 16, 2023. Dkt. 5.

## II.   STANDARD

Pursuant to 42 U.S.C. § 405(g) this Court may set aside the Commissioner's denial of social security benefits if the ALJ's findings are based on legal error or not supported by substantial evidence in the record as a whole. *Bayliss v. Barnhart*, 427 F.3d 1211, 1214 n.1 (9th Cir. 2005) (citing *Tidwell v. Apfel*, 161 F.3d 599, 601 (9th Cir. 1999)).

## III.   DISCUSSION

In her opening brief, Plaintiff argues the ALJ erred in his consideration of several medical opinions as well as his assessment of her subjective testimony. *See generally* Dkt. 11. Plaintiff requests that the Court remand the case for a new hearing. *Id.* at 1.

**A.     Medical Opinions**

Plaintiff challenges the ALJ's assessment of the medical opinions of examining providers David Zacharias, MD; Dan Neims, Psy.D; and Faulder Colby, PhD. *Id.* at 3–11.

Dr. Zacharias completed an opinion in February 2017. AR 972–76. He opined Plaintiff had "very poor" abilities in the following areas: interacting with others, adapting to the usual stresses in the workplace, and maintaining regular attendance in the workplace; and completing a normal workday without interruption. AR 976.

Dr. Neims completed evaluations in August 2016 and October 2018. AR 799–802, 2338–44. In both evaluations, he opined Plaintiff had marked limitations in the following areas: communicating and performing effectively in a work setting; maintaining appropriate behavior in a work setting; and completing a normal workday and workweek without interruptions from psychologically based symptoms. AR 802, 2339. In September 2016, Dr. Faulder reviewed Dr. Neims' August 2016 opinion and concurred with his assessment of Plaintiff's limitations. AR 804–05.

Plaintiff filed her application prior to March 27, 2017, and therefore, under the applicable regulations, the ALJ must provide "specific and legitimate" reasons to reject the contradicted opinions of examining medical sources like Drs. Zacharias, Neims, and Colby. *See Lester v. Chater*, 81 F.3d 821, 830-31 (9th Cir. 1995). The ALJ considered the opinions of Drs. Zacharias, Neims, and Colby together, giving them little weight. AR 28. After summarizing the opinions, the ALJ explained that they

> are not consistent with the overall evidence showing that over time the claimant's symptoms have responded to counseling and treatment records indicating improvement in symptoms, the claimant was recently able to obtain housing with her fiancée and roommates, and she has reported that she no longer has panic attacks[.]

*Id.* (citing AR 978–1093, 1621–67, 2933–3468, 3682–3760, 3957–4030).

1    These were not legally sufficient reasons for rejecting the opinions of Drs. Zacharias,

2    Neims, and Colby. First, Plaintiff's symptoms "respond[ing] to counseling" and improving over

3    time does not necessarily mean that the symptoms improved such that they no longer limited

4    Plaintiff. Symptoms that can be controlled "are not disabling." *See Warre v. Comm'r*, 439 F.3d

5    1001, 1006 (9th Cir. 2006); *see also Wellington v. Berryhill*, 878 F.3d, 867, 876 (9th Cir. 2017).

6    But "some improvement" in a person's symptoms "does not mean that the person's impairments

7    no longer seriously affect her ability to function in a workplace." *See Holohan v. Massanari*, 246

8    F.3d 1195, 1205 (9th Cir. 2001).

9    Here, the ALJ made no findings suggesting Plaintiff's mental health symptoms had

10   improved such that they no longer affected her ability to function. *See* AR 23–28. The ALJ did

11   briefly discuss Plaintiff's counseling and other mental health symptoms, but this discussion did

12   not make such a finding. *See* AR 26. The ALJ described Plaintiff's counseling sessions, noting

13   that she "was processing grief related to her father withdrawing from her" during those sessions

14   and that Plaintiff was "noted to have an appropriate affect, oriented times three, engaged and

15   cooperative in sessions". AR 26. But the ALJ failed to explain why this evidence suggested

16   Plaintiff's mental symptoms were adequately controlled with counseling. Also, while the ALJ

17   stated Plaintiff was "noted to be stable on medication" in a single treatment note, AR 26 (citing

18   AR 3684), the ALJ did not explain why that note necessarily meant Plaintiff's symptoms

19   improved such that they were no longer disabling. *See Martinez v. Comm'r of Soc. Sec.*, 2021

20   WL 2915018 at *6 (E.D. Cal. July 12, 2021) ("'[F]airly stable' and 'doing well' are relative

21   terms.") (citation omitted). And although the ALJ said Plaintiff's "major depression was noted to

22   be in full remission," AR 26 (citing AR 3696), the opinions in question were based not only on

23   her depression but also on her anxiety disorder, post-traumatic stress disorder, and borderline

24

personality disorder, *see* AR 973, 2339, 2343. Thus, without further explanation by the ALJ, the Court cannot discern why the treatment notes suggesting Plaintiff's mental symptoms improved negated the medical opinions of Drs. Zacharias, Neims, and Colby.

Second, the ALJ's statement that Plaintiff "was recently able to obtain housing with her fiancée and roommates" does not meaningfully address any of the limitations set forward in the medical opinions. AR 28. The ALJ's duty to set forth his reasoning "in a way that allows for meaningful review," *Brown-Hunter v. Colvin*, 806 F.3d 486, 492 (9th Cir. 2015), requires building an "accurate and logical bridge from the evidence to [the ALJ's] conclusions." *Blakes v. Barnhart*, 331 F.3d 565, 569 (7th Cir. 2003). In this case, that would require an explanation of why Plaintiff's housing situation was relevant to the medical opinions of Drs. Zacharias, Neims, and Colby.

Defendant argues Plaintiff's housing situation was relevant because some evidence in the record suggested some of her mental health symptoms may have been exacerbated by living with her mother. *See* Dkt. 15 at 7. But the ALJ made no finding suggesting Plaintiff's housing situation was relevant for this reason. *See* AR 23–28. Although the Court is "not deprived of [its] faculties for drawing specific and legitimate inferences from the ALJ's opinion," *Magallanes v. Bowen*, 881 F.2d 747, 755 (9th Cir. 1989), the Court "review[s] only the reasons provided by the ALJ in the disability determination and may not affirm the ALJ on a ground upon which he did not rely," *Garrison v. Colvin*, 759 F.3d 995, 1009 (9th Cir. 2014).

Third, with respect to the ALJ's statement that Plaintiff "has reported that she no longer has panic attacks" (AR 28), Defendant acknowledges that this finding was not supported by substantial evidence. *See* Dkt. 15 at 6 ("[I]t does not appear that Plaintiff reported she no longer had any panic attacks at all . . . ."). Defendant points to evidence suggesting Plaintiff had fewer

1    panic attacks and argues that this nonetheless supports the ALJ's decision. *See* Dkt. 15 at 6

2    (citing AR 3579, 3987, 3991, 4011). But the ALJ did not make a finding that Plaintiff's panic

3    attacks had reduced in frequency such that they were no longer limiting, and the Court cannot

4    make such an inference. *See Garrison*, 759 F.3d at 1009; *Holohan*, 246 F.3d at 1205. Moreover,

5    the medical opinions in question were not based entirely on Plaintiff's panic attacks. *See* AR 976

6    (Dr. Zacharias explaining opined limitations based in part on "interpersonal presentation,"

7    "history of social functioning," "employment history," "activities of daily living"); 2343 (Dr.

8    Neims indicating limitations based in part on Plaintiff's history of being "deeply untrusting of

9    others," "patterns of paranoid ideation," "identity disturbance," and "distal history of

10   parasuicidal behavior"). Without further explanation from the ALJ, it is unclear why the reduced

11   frequency of Plaintiff's panic attacks negated the opinions of Drs. Zacharias, Neims, and Colby.

12        In sum, the ALJ failed to provide specific and legitimate reasons for giving little weight

13   to the opinions of Drs. Zacharias, Neims, and Colby. Because these opinions, if credited, could

14   result in work-related limitations not included in the RFC—such as limitations maintaining

15   attendance and communicating in the workplace—this error was not harmless. *See Stout v.*

16   *Comm'r, Soc. Sec. Admin.*, 454 F.3d 1050, 1052, 1054 (9th Cir. 2006).

17   **B.    Remaining Issues**

18        Plaintiff argues the ALJ erred in evaluating Plaintiff's subjective testimony and the

19   medical opinion of Jennifer Auger, ARNP. *See generally* Dkt. 11. As the Court has found

20   reversible error in the ALJ's evaluation of the medical opinions of Drs. Zacharias, Neims, and

21   Colby, the Court declines to consider Plaintiff's remaining arguments. Rather, the Court directs

22   the ALJ to reevaluate Plaintiff's testimony and all of the medical opinion evidence on remand

23   and reassess the RFC and as warranted by further consideration of the evidence.

24

ORDER RE: SOCIAL SECURITY DISABILITY
APPEAL - 6

1

## IV.   CONCLUSION

2

For the foregoing reasons, the Court **REVERSES** and **REMANDS** Commissioner's

3

decision pursuant to sentence four of 42 U.S.C. § 405(g) for further administrative proceedings

4

consistent with this Order.

5

Dated this 8th day of May, 2024.

6

7

David W. Christel

8

United States Magistrate Judge

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24